

# NUMBER 13-17-00198-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAMUEL R. LERMA,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION
### Before Justices Rodriguez, Benavides, and Longoria
### Memorandum Opinion by Justice Benavides

The State charged appellant Samuel Lerma with aggravated assault with a deadly weapon, a second-degree felony. *See* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2017 1st C.S.). On March 24, 2015, Lerma pleaded guilty to the indictment, and the trial court deferred adjudication and placed Lerma on community supervision for ten years.

During the course of Lerma's community supervision, the State filed two motions to revoke and adjudicate guilty against Lerma. On July 24, 2015, the State filed the first motion alleging Lerma violated several conditions of community supervision, including being charged with a misdemeanor assault. *See* TEX. PENAL CODE ANN. § 22.01 (West, Westlaw through 2017 1st C.S.). On August 18, 2015, the trial court modified and continued Lerma on community supervision, adding the condition that he attend a program at the Substance Abuse Felony Treatment Facility (SAFTF). On March 13, 2017, the State filed the second motion alleging multiple violations of probation by Lerma. The violations included that he: (1) failed to submit to multiple urinalysis as directed by adult probation officers; (2) had repeated contact with the complainant in the underlying offense; (3) failed to comply with the requirements of the aftercare program upon his completion of SAFTF on multiple occasions; (4) admitted to consuming alcohol, marijuana, and prescription medications; and (5) failed to observe curfew hours.

On April 6, 2017, Lerma pleaded not true to all the allegations contained in the State's motion to revoke. The trial court heard testimony from State witnesses Christine Blauvelt, Erica Urea, and Yvonne Luna, all with the Nueces County Probation Department. It also heard from defense witnesses, Joe Lerma, Reina Gonzalez, and Lerma during punishment. Following the testimony, the trial court found several of the grounds alleged in the State's motion to revoke and adjudicate guilt to be true: grounds (2)(D), (E), (F), and (G); (22)(A), (B), and (C); and (23)(A). The trial court revoked Lerma's community supervision, adjudicated him guilty, and sentenced him to eight years' imprisonment in the Texas Department of Criminal Justice–Institutional Division. Lerma was granted the right

2

to appeal since his sentence was not a plea bargain with the State. Lerma's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, Lerma's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State* and *Kelly v. State*, Lerma's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014). Lerma's appellate counsel also notified this Court that he: (1) notified Lerma that he has filed an *Anders* brief and a motion to withdraw; (2) provided Lerma with copies of both pleadings; (3) informed Lerma

3

of his rights to file a pro se response,[1] review the record preparatory to filing that response, and seek discretionary review if we conclude that the appeal is frivolous; (4) provided Lerma with a copy of the appellate record; and (5) informed Lerma that the pro se response, if any, should identify for the Court those issues which he believes the Court should consider in deciding whether the case presents any meritorious issues. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Lerma did not file a pro se response.

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). A court of appeals has two options when an *Anders* brief and a subsequent pro se response are filed. After reviewing the entire record, it may: (1) determine that the appeal is wholly frivolous and issue an opinion explaining that it finds no reversible error; or (2) determine that there are arguable grounds for appeal and remand the case to the trial court for appointment of new appellate counsel. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). If the court finds arguable grounds for appeal, it may not review those grounds until after new counsel has briefed those issues on appeal. *Id.*

We have reviewed the entire record, counsel's brief, and we have found nothing that would arguably support an appeal. *See id.* at 827–28 ("Due to the nature of *Anders*

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether to case presents any meritorious issues." *See In re Schulman*, 252 S.W.3d 403, 407 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. There is no reversible error in the record. Accordingly, the judgment of the trial court is affirmed.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, Lerma's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffrey v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Lerma and advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex Parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id* R. 68.3, and should comply with the requirements of the Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.     CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
16th day of November, 2017.